UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS LINDER,

                Plaintiff,

                -against-

CITY OF NEW YORK, *et al.*,

                Defendants.

18-CV-8573 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Downstate Correctional Facility, filed this action *pro se* when he was detained at Rikers Island. On October 1, 2018, the Court ordered Plaintiff within thirty days to either pay the filing fee or seek leave to proceed *in forma pauperis* (IFP) by filing an IFP application and prisoner authorization. The order stated that if Plaintiff failed to comply within the time allowed, the Court would dismiss the action without prejudice. Plaintiff failed to respond to the Court's order, and on December 14, 2018, the Court dismissed the complaint. Judgment was entered on December 17, 2018.

      On December 21, 2018, the Court received a letter from Plaintiff stating that he had been moved to Downstate Correctional Facility, and he requested a copy of the docket sheet for his case. The Clerk's Office mailed the docket sheet to Plaintiff on December 27, 2018.

      On October 10, 2019, Plaintiff wrote to the Court asking for case status information, and the Clerk's Office mailed to him the docket sheet, the order of dismissal, and judgment. On November 1, 2019, Plaintiff filed a notice of appeal and a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. These documents are dated October 25, 2019. Plaintiff asserts that he "did not have the IFP application

when [he] filed the complaint. It was an incomplete complaint form." For the following reasons, the Court denies Plaintiff's motion.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a party files a motion within thirty days of the expiration of the time to file the notice of appeal, and the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Here, the Court entered judgment on December 17, 2018. Plaintiff therefore had until January 17, 2019, to file a notice of appeal, and, upon showing excusable neglect or good cause for the delay, until February 16, 2019, to file a motion for an extension of time to file a notice of appeal. Plaintiff's submissions to the Court are dated October 25, 2019, well after the sixty-day deadline prescribed by Fed. R. App. P. 4(a)(5)(A) had expired. *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that under the "prison-mailbox rule," a prisoner's documents are deemed filed on the date that they are given to prison officials for mailing.)

Because Plaintiff filed his motion more than sixty days after entry of judgment, the Court lacks authority to grant Plaintiff the relief that he seeks. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that the district court lacked jurisdiction to consider an untimely motion under Fed. R. App. P. 4(a)(5), even if the moving party can show good cause).

Plaintiff is also not entitled to relief under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. That Rule allows a district court to reopen the time to file a notice of appeal if: (1) the court finds that the moving party did not receive notice of entry of the judgment it seeks to appeal; (2) the motion is filed within 180 days after judgment is entered or within 14 days of the moving party receiving notice of entry, whichever is earlier; and (3) the court determines that no

party would be prejudiced. Fed. R. App. P. 4(a)(6). Plaintiff does not allege that he failed to receive notice of the dismissal order within twenty-one days after entry of judgment, although the docket suggests that he did not. But because Plaintiff did not file a Rule 4(a)(5) motion within 180 days from the date judgment was entered, the Court cannot reopen the time to file the appeal under Fed. R. App. P. 4(a)(6).

For these reasons, the Court denies Plaintiff's motion for an extension of time to file a notice of appeal.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's motion for an extension of time to file a notice of appeal (ECF No. 9).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 28, 2020
           New York, New York

                                          COLLEEN McMAHON
                                   Chief United States District Judge